**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Guillermo Eduardo ACEDO–ROMERO,**
**aka Guillermo Edwardo Acedo,**
**Defendant–Appellant.**

**No. 15–10433.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2016.*

Filed May 18, 2016.

Susanna M. Torres, Office of the Us Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

MEMORANDUM **

Defendant Guillermo Eduardo Acedo–Romero pleaded guilty to one count of illegal entry in violation of 8 U.S.C. § 1326. He appeals his twenty-four month sentence for that conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by rejecting Acedo–Romero's plea agreement and imposing the twenty-four month sentence of incarceration recommended in the Presentence Investigation Report (PSR). *See In re Morgan,* 506 F.3d 705, 708 (9th Cir.2007). Federal Rule of Criminal Procedure 11 allows the district court to reject the Rule 11(c)(1)(C) plea agreement, which stipulated to a specific sentencing range of 57 to 71 months incarceration. Fed.R.Crim.P. 11(c)(3)(A); *United States v. Heredia,* 768 F.3d 1220, 1227 (9th Cir.2014). Moreover, the agreement expressly provides that the court may reject it if "any provision is inappropriate." That is precisely what occurred here: Upon review of the PSR, the district court determined that the agreement's sentencing stipulation, which was predicated on a base offense level of 24, was not appropriate because the correct base offense level was 12. By rejecting the agreement, the district court properly declined to "remake [the] plea agreement or imply terms into [it]." *United States v. Hammond,* 742 F.3d 880, 883 (9th Cir. 2014). Because the district court rejected the plea agreement, the government could not have breached it.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.